Filed 11/25/20  P. v. Prieto CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B301644 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA106590) |
| v. | |
| JOSE ALFREDO PRIETO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Appeal dismissed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jose Alfredo Prieto appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  For the reasons explained below, we dismiss the appeal.

A jury convicted Prieto, his brother, and their friend and fellow gang member of robbery, three counts of murder, and a single count of attempted murder.  As to the murder counts, the jury found true an allegation that the murders were committed during the commission of a robbery, that Prieto's brother personally discharged a handgun that caused the death of all three victims, and that a principal personally and intentionally discharged a firearm that caused the death of all three victims.  As to the robbery and attempted murder counts, the jury found true an allegation that Prieto personally used a handgun.  The jury also found true a gang enhancement allegation.  The trial court sentenced Prieto to three consecutive terms of life without the possibility of parole for each of the murders, plus 25 years to life on each of those terms for the firearm enhancement.  For the robbery, Prieto was sentenced to three years, plus 10 years for the gang enhancement.  On direct appeal, we affirmed Prieto's conviction, but ordered the trial court to modify the judgment to reflect Prieto's joint and several liability for a restitution component, to issue a corrected abstract of judgment, and to forward a certified copy of the modified abstract of judgment to the Department of Corrections and Rehabilitation.  (*People v. Prieto* (Nov. 30, 2012, B233309) [nonpub. opn.].)

On January 30, 2019, Prieto filed a petition for resentencing under section 1170.95.  After reviewing the People's opposition to the petition and Prieto's reply, the trial court issued

---

[1] Further statutory references are to the Penal Code.

an order to show cause why it should not recall Prieto's sentence and resentence him. The trial court heard the order to show cause on October 4, 2019. The trial court found beyond a reasonable doubt that Prieto was a major participant in the three murders for which he was convicted and that he acted with reckless indifference to human life. "[T]he prosecution has shown beyond a reasonable doubt," the trial court said, "that [Prieto] could be convicted of murder of any degree under the current law . . . ." On that basis, the trial court concluded that Prieto was not eligible for resentencing under section 1170.95.

Prieto appealed and this court appointed counsel for him.

Prieto's appellate counsel filed a brief raising no issues on appeal and requesting that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). He notified Prieto that he would be filing the brief and that Prieto could file a supplemental brief with this court.

On September 28, 2020, this court sent a letter to Prieto informing him that he may, within 30 days, "submit a supplemental brief [or] letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." Prieto did not file a supplemental brief.

Because Prieto's appeal is not from his conviction, he is not entitled to our independent review of the record pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (See *People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*); *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.)[2]

---

[2] Under *Serrano*, in a criminal appeal in which *Wende* does not apply, counsel who finds no arguable issues is still required to (1) inform the court that counsel has found no arguable issues to

3

He is entitled, however, to file a supplemental brief and, if he files such a brief, to our review of his contentions.  (See *Serrano*, at p. 503; cf., *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 6; *Ben C.*, at pp. 554-555 (dis. opn. of George, C. J.).)  If no supplemental brief is filed, we may deem the appeal to be abandoned and dismiss the appeal.  (*Serrano*, at pp. 503-504.)

We are satisfied that Prieto's counsel has fully complied with his responsibilities.  (See *Wende*, *supra*, 25 Cal.3d at p. 441; *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  Because no supplemental brief was filed, we deem the appeal abandoned.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


BENDIX, J.

---

be pursued on appeal; (2) file a brief setting out the applicable facts and law; (3) provide a copy of the brief to appellant; and (4) inform the appellant of the right to file a supplemental brief. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503, citing *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).)